

IN THE
TENTH COURT OF APPEALS

_____

No. 10-19-00084-CV

NATHAN D. ALBERT AND CHISHOLM TRAIL REDI-MIX, LLC,

Appellants

v.

FORT WORTH & WESTERN RAILROAD COMPANY, DAVOIL, INC.,
AND WILLIAM S. DAVIS,

Appellees

_____

From the 18th District Court
Johnson County, Texas
Trial Court No. Dc-C201700680

_____

No. 10-18-00219-CV

FORT WORTH & WESTERN RAILROAD COMPANY,

Appellant

v.

NATHAN D. ALBERT AND CHISHOLM TRAIL REDI-MIX, LLC,

Appellees

_____

From the 18th District Court
Johnson County, Texas
Trial Court No. DC-C201600307

# ORDER OF REFERRAL TO MEDIATION

The Legislature has provided for the resolution of disputes through alternative dispute resolution (ADR) procedures. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 154.001-154.073. The policy behind ADR is stated in the statute: "It is the policy of this state to encourage the peaceable resolution of disputes . . . and the early settlement of pending litigation through voluntary settlement procedures." *Id*. § 154.002. Mediation is a form of ADR. Mediation is a mandatory but non-binding settlement conference, conducted with the assistance of a mediator. Mediation is private, confidential, and privileged.

We find that these appeals are appropriate for mediation. *See id.* § 154.021(a); 10TH TEX. APP. (WACO) LOC. R. 9.

The Court assigns Deborah G. Hankinson as the mediator. She can be contacted at the following address, telephone phone number, or email:

Hankinson PLLC
750 N Saint Paul St., Ste 1800
Dallas, TX 75201
(214) 754-9185
deborah@dhankinson.com

Mediation must occur within sixty days after the date of this order.

No less than seven calendar days before the first scheduled mediation session, each party must provide the mediator and all other parties with an information sheet setting forth the party's positions about the issues that need to be resolved. At or before

the first session, all parties must produce all information necessary for the mediator to understand the issues presented. The mediator may require any party to supplement the information required by this Order.

Named parties must be present during the entire mediation process, and each party that is not a natural person must be represented by an employee, officer, agent, or representative with authority to bind the party to settlement.

Immediately after mediation, the mediator must advise this Court, in writing, only that the case did or did not settle and the amount of the mediator's fee paid by each party. The mediator's fees will be taxed as costs. Unless the mediator agrees to mediate without fee, the mediator must negotiate a reasonable fee with the parties, and the parties must each pay one-half of the agreed-upon fee directly to the mediator.

Failure or refusal to attend the entire mediation as scheduled may result in the imposition of sanctions, as permitted by law.

Any objection to this Order must be filed with this Court and served upon all parties within ten days after the date of this Order, or it is waived.

We refer this appeal to mediation.

The appeal and all appellate deadlines are suspended as of the date of this Order. The suspension of the appeal is automatically lifted when the mediator's report to the Court is received. If the matter is not resolved at mediation, any deadline that began to run and had not expired by the date of this Order will begin anew as of the date the

mediator's report to the Court is received. Any document filed by a party after the date of this Order and prior to the filing of the mediator's report will be deemed filed on the same day, but after, the mediator's report is received.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins[1]
Referral to Mediation
Order issued and filed May 15, 2019



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.